IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LARRY D. WILSON | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-352 |
| WARDEN, FCC BEAUMONT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Larry D. Wilson, a prisoner previously confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

The petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Respondent filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. Petitioner filed a Response to the Motion. This Report and Recommendation considers the merits of Respondent's Motion and Petitioner's Response, as well as Respondent's Reply and Petitioner's Sur-Reply.

Procedural History

On April 26, 1990, Petitioner was sentenced in the United States District Court for the Central District of Illinois to fifteen years of imprisonment and five years of supervised release for possession of a firearm by a felon. During his incarceration, the Bureau of Prisons (BOP) awarded up to 54 days of Good Conduct Time (GCT) for each year that a federal prisoner actually served, not 54 days for each year of the imposed sentence. *Sample v. Morrison*, 406 F.3d 310, 311 (5th Cir.

2005). Based on this method of calculation, Petitioner earned 579 days of Good Conduct Time (GCT), which were applied to his sentence. Petitioner was released from prison on December 20, 2002, and his five year term of supervision began.

Petitioner's supervised release was due to terminate on December 20, 2007, but he was arrested for bank robbery and additional firearm offenses on August 4, 2007. Petitioner pleaded guilty to the new charges. On May 8, 2008, Petitioner was sentenced to a total of 264 months of imprisonment for the bank robbery and firearm offenses. In addition, Petitioner was sentenced to a consecutive twelve-month term of imprisonment for violating the terms of his supervised release.

### Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech. Marine & Offshore v. Int'l Shipping Partners*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech.*, 334 F.3d at 427.

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v.*

*Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (quoting *Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir. 1980)).

Analysis

The First Step Act of 2018 (FSA), in part, allows federal inmates to earn up to 54 days of GCT for each year of the imposed sentence, instead of 54 days for each year served. *Greene v. Underwood*, 939 F.3d 628, 628 (5th Cir. 2019). Petitioner contends that retroactive application of the FSA to his original term of imprisonment would have resulted in an additional 105 days of GCT because he was only credited with 47 days for each year of the imposed sentence. Citing *Johnson v. United States* and *United States v. Haymond*, Petitioner argues that the twelve-month term of imprisonment imposed for violations of his supervised release is a continuation of his previously-imposed sentence. *United States v. Haymond*, __ U.S. __ , 139 S. Ct. 2369, 2379-80 (2019) (reiterating that the defendant's final sentence includes any term of imprisonment he may receive from the revocation of supervised release); *Johnson v. United States*, 529 U.S. 694, 700-01 (2000) (concluding that post-revocation penalties are related to the original conviction). Because he did not receive credit for the additional 105 days of GCT toward his first term of imprisonment, Petitioner contends that those days should be credited toward the twelve-month term of imprisonment imposed for violations of his supervised release.

Petitioner's claim lacks merit. A prisoner is not entitled to additional GCT for prior terms of imprisonment. *Buchanan v. Hemingway*, No. 22-1710, 2023 WL 5184310, at *1 (6th Cir. May 16, 2023); *White v. Sproul*, No. 21-2202, 2022 WL 728967, at *2 (7th Cir. March 10, 2022). Therefore, Respondent's Motion for Summary Judgment should be granted and the petition should be dismissed.

### Recommendation

Respondent's Motion for Summary Judgment should be granted.

### Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 18th day of August, 2023.

_____
Zack Hawthorn
United States Magistrate Judge